Michael B. Bennett, #06488
JURA ALANTES
3582 W Grasslands
Lehi, UT 84043
Telephone: 503-683-3180
mbennett@juraalantes.com

*Counsel for Raymond Short*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: Douglas R. Short, Debtor  _____  Michael Thomson, Chapter 7 Trustee for the Douglas Short Bankruptcy Estate  Plaintiff  v.  Raymond Short  Defendant | Bankruptcy No.  19-29471  Adversary Proceeding No. 22-02004  Chapter 7  Hon. Kevin Anderson |
| Raymond Short  Counterclaimant  v.  Michael Thomson, Chapter 7 Trustee, Yan Ross, John Bogart, Telos Venture Groups PLLC  Counterclaim Defendants | |

### RAYMOND SHORT'S MOTION TO STRIKE
### ROSS/WAGNER'S PURPORTED RULE 60(b)(6) MOTION TO AMEND

Raymond W. Short, through his attorney, hereby respectfully moves the Court pursuant

to its inherent powers to control the proper adjudication of this Adversary Proceeding to strike

the purported but unauthorized Rule 60(b)(6) filed by Ross and Wagner in an untimely attempt

to amend the Court's partial summary judgment ruling before there is a final judgment in the

1

case.[1]

The grounds for doing so include the following:

1. No Rule 60(b)(6) can be filed in an attempt to amend the Court's decision on the cross motions for partial summary judgment, because that decision clearly is not a "final judgment" as there are still claims yet to be adjudicated. See Rule 54(b).  Rule 60(b)(6) by its own terms only applies to "final judgments".

2. The Motion to Amend is a premature and unauthorized attempt to have the Court rule in their favor on their First Counterclaim before complying with all of the relevant due process requirements embodied by the Rules of Civil Procedure, such that even considering the Motion to Amend would be a  denial of due process, which will require this Court to revisit the issue once the procedural rules have been followed.

3. The Motion to Amend cannot be considered at this time because the Court would thereby be impermissibly bifurcating trial on Ross and Wagner's First Counterclaim (and First Cross Claim) from the rest of the case without there being any Rule 42 motion to do so and the required findings, in particular the conclusion that bifurcation will not impari Mr. Short's rights to a jury trial.

4. The *de facto* bifurcation that would result from the Court even considering the unauthorized Motion to Amend at this time would improperly deny Mr. Short's his right to a jury trial under Rule 38 and Rule 39, which Rules makes a jury trial mandatory at

---

[1] It inherently follows that in requesting that the Motion to Amend be struck, it is also requested that no hearing be conducted on the Motion to Amend, which will require the Court to continue the hearing prematurely and improperly set for February 21, 2024:
> Rule 9071-1 (d) Continuance of Trial or Hearing Date. The court may continue **a trial** or hearing **for any reason** and notice of such continuance shall be given to the parties by the clerk of court, or as otherwise directed by the court. The court **may continue a trial or hearing on the date it is to be heard** without further notice to parties other than those who appeared at the scheduled trial or hearing. Notice announced on the record at the time of the previously set trial or hearing will suffice.

2

this stage since it has been properly demanded on all issues and there has not been any ruling he is not entitled to a jury trial on all issues.

5. The Motion to Amend cannot be heard in the bankruptcy court since Mr. Short has duly demanded a jury trial, and this non-Article III court has not been specially designated to conduct any jury trial by the District Court on the First Counterclaim, nor has Mr. Short consented to this Court conducting a jury trial, as is explicitly required by 28 U.S. Code § 157(e) in order for this Court to conduct any jury trial.

## FACTS and PROCEDURAL HISTORY

1. The Trustee brought this adversary proceeding against Mr. Raymond Short ("Mr. Short").

2. In his Amended Answer and Counterclaims, Mr. Short raised several Counterclaims, many directly involving not only the Trustee but also Movant Yan Ross, including claims that Mr. Ross and his counsel have committed frauds on the courts, including this Court.

3. One of the Counterclaims Mr. Short filed alleges that Mr. Short now owns the 2015 Judgment against the Debtor because as the surety he paid Mr. Ross and his wife Randi Wagner the full amount of the 2015 Judgment, including all interest owing to the date, and thereby he automatically became subrogated to their position on that day in May when payment was delivered, pursuant to Utah code and caselaw.

4. It is undisputed that Ross and Wagner did not return the payment of the 2015 Judgment.

5. The Court's May 2, 2023, Memorandum Decision was the result of its consideration of cross motions for partial summary judgment on some of the Trustee's claims and Mr. Short's Counterclaims – but not all of them – accordingly, there is no dispute that the Court's Decision is not in fact a final judgment on the Adversary Proceeding. A fact conceded by Ross and Wagner on page 7 of their Motion to Amend: "The May

Memorandum Decision is not a final order, let alone a judgment."

6. In the Court's Decision, it properly held that Mr. Short is in fact and as a matter of law now the owner of the 2015 Judgment because it is undisputed he in fact paid the full amount thereof, plus interest, to Ross and Wagner in May of 2022, and therefore, under Utah law, he immediately, and automatically became subrogated to Ross and Wagner's interest in the 2015 Judgment in May of 2022, and has since then been the new owner thereof.

7. After the Decision was entered, Ross (and Wagner[2]) voluntarily appeared in this Adversary Proceeding and thereby because subject to this Court's personal jurisdiction over them, and subject to the Counterclaims against them previously filed by Mr. Short.

8. Ross (and Wagner) filed an Answer to Mr. Short's Counterclaims, and brought their own First Counterclaim (and Cross Claim) asserting that they still owned the 2015 Judgment because they assert there was a settlement between Mr. Short and them whereby the unilateral payment of the 2015 Judgment in full, plus all interest then owing, was not a payment of the 2015 Judgment, despite the fact that Mr. Short filed a notice with the state Court at that time that he had in fact paid the Judgment in Full, because they claim that months later there was a settlement whereby Mr. Short supposedly agreed that the May 2022 payment he had made to Ross and Wagner of the full 2015 Judgment amount would not be applied to the 2015 Judgment, but would instead be applied to sanctions they claimed against him, even though Ross and Wagner cannot produce any settlement agreement to that effect, and Mr. Short vehemently rejects that claim as false.

9. Ross and Wagner Ross and Wagner then promptly filed the subject Motion to Amend the

---

[2] Wagner was not named in the adversary proceeding because she did not file any proof of claim, claiming to own the 2015 Judgment against Debtor. As such, she has waived any such claim, and therefore was not named.

Court's May 2, 2023 Memorandum Decision in order to seek a favorable ruling from this Court on its First Counterclaim, even though the First Counterclaim had just been filed.

## TIMING OF THIS MOTION TO STRIKE

As a preliminary matter, Mr. Short wishes to point out that this Motion to Strike on the day the Court has scheduled an "evidentiary hearing" is timely under the Rules and the Court's inherent power to control the case before it.

As Mr. Short's current counsel first appeared in the case, the Court *sua sponte* set the Motion to Amend for an "evidentiary hearing," even though none was requested by Ross and Wagner. What the Court actually did, even though it may not have realized it was doing so, was to set Ross and Wagner's First Counterclaim (and First Cross Claim) for trial, even though the First Counterclaim had just been filed with the Court, and pleadings were not even closed yet, *etcetera*. Mr. Short's new counsel admittedly was not aware of the mistakes by both Ross and Wagner and the Court at that time and it has only since become aware that Ross and Wagner (and by extension the Court) have not followed the Rules in doing so.

Despite being aware that there is no "final judgment" yet (see page 7 of Ross and Wagner's Motion), they have filed a Rule 60(b)(6) motion while being fully aware that Rule 60(b)(6) is improper at this time. Even after being advised that Rule 60(b)(6) does not apply here by Mr. Short's opposition, Ross and Wagner have not withdrawn their frivolous Motion to Amend as required by Rule 11, but rather have doubled down and filed a Reply wherein they effectively concede that Rule 60(b)(6) does not apply, but that Rule 54(b) could.

Ross and Wagner should not now be allowed to simply convert their Rule 60(b)(6) Motion to Amend into some other unidentified Rule 54(b) "motion" when Rule 54(b) only recognizes that a prior interlocutory ruling may be altered, but does not actually provide a means

5

of doing so. In other words, Rule 54(b) is not the basis for a motion in itself. There would still need be a proper motion under some other part of the Rules in order to seek reconsideration. In this case, that would likely need to be a proper Rule 56 motion for summary judgment asking this Court to change its previous partial summary judgment ruling.[3] That has not, however, happened. Ross and Wagner cannot now be allowed to change the nature of their Motion to Amend in their Reply; permitting this prevents Mr. Short the opportunity to address the attempt to change the very nature of the motion and the ramifications of doing so – such as new factual standards, new legal standards and elements, *et cetera* – all denying Mr. Short due process.

Accordingly, it is because of Ross and Wagner's disregard for the plain language of the Rules, and their misleading of the Court, that this Motion to Strike is even required for the reasons set forth below, including the obvious denial of Mr. Short's due process rights to fully and meaningfully defend against the First Counterclaim.

Hopefully this Court will not find fault with the need for this Motion to Strike to be filed at this late hour, as allowing this Motion to come before the Court will allow the Court to avoid any serious mistake that it would have to subsequently reconsider and reverse. Likewise, the Court's attention can properly be directed at Ross and Wagner for bringing a frivolous, unauthorized, Rule 60(b)(6) motion in the first place, and then not withdrawing it when the clear violation of the Rules was pointed out to them. Because Ross and Wagner failed to meet their duty under Rule 11, Mr. Short must bring this separate motion to Strike because he could not ask the Court to do so in his Opposition. Rule 9013-1(e)(4) provides: "A Motion May Not Be Made

---

[3] That is not to conceded that such a motion would be proper, only that it would be a minimum threshold to attempt to do so, so as to remove it from the Jury. But since as the Court has already determined by setting an evidentiary hearing on the Motion to Amend, there are facts in dispute that would have to be resolved at trial, and therefore it appears that the only way Ross and Wagner may ask this Court to reconsider would be after trial on the entire case, if they prove the facts they claim.

in a Response or Reply Memorandum. No motion may be included in a response or reply memorandum.  Such a motion must be made in a separate document."

The Tenth Circuit Court has made it perfectly clear that this Court has inherent authority to strike a filing that does not comply with the Rules:

> "[D]istrict courts are afforded great discretion regarding control of the docket and parties." …. "Generally, . . . motions, briefs, and memoranda may not be attacked by a motion to strike." Ysais, 616 F. Supp. 2d at 1184.
>
> "The exception to this principle is that a [c]ourt may choose to strike a filing that is not allowed by local rule . . . ." Id. …
>
> When courts strike a filing as improperly filed, it becomes "a nullity." … see Habyarimana v. Kagame, 821 F. Supp. 2d 1244, 2011 WL 13113322, *1 n.1 (W.D. Okla. 2011) (noting an "improperly filed" motion "is, therefore, treated as a legal nullity").

*Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (cleaned up).

As such, it is appropriate, and as pointed out below constitutionally required, for this Court to treat the Rule 60(b)(6) Motion to Amend as "a legal nullity" – as if it had never even been filed.  It is contrary not only to the local rules, but even the Rules of Civil Procedure themselves, which govern these proceedings.  As the advisory Committee notes in its comments on Rule 7001, (with emphasis added), adversary proceedings such as this must be conducted in the same manner as a regular proceeding in federal district court, to the fullest extent possible:

> These Part VII rules are based on the premise that **to the extent possible** practice before the bankruptcy courts and the district courts **should be the same**. These rules either incorporate or are adaptations of most of the Federal Rules of Civil Procedure. Although the Part VII rules of the former Bankruptcy Rules also relied heavily on the F.R.Civ.P., the former Part VII rules **departed from the civil practice** in two significant ways: a trial or pretrial conference had to be scheduled as soon as the adversary proceeding was filed and pleadings had to be filed within periods shorter than those established by the F.R.Civ.P. **These departures from the civil practice have been eliminated**. (Emphasis added).

Accordingly, both this Court, and counsel for Ross and Wagner, must comply with the

Federal Rules of Civil Procedure.[4]  Ross and Wagner are leading the Court down short cuts in an attempt to get a judgment on their First Counterclaim before the Claim is actually adjudicated, and are especially raising arguments for the first time in their Reply.

Any failure of the Court to require Ross and Wagner to play by the actual governing Rules will deny Mr. Short the due process he is entitled to under those Rules which are designed to ensure adequate notice and a meaningful opportunity to defend his interests.

### ARGUMENT

**I.    Ross and Wagner cannot bring a Rule 60(b)(6) Motion, nor may the Court entertain it, because the threshold requirements for such a motion do not exist.**

Rule 60(b)(6) motions clearly only apply when the moving party is seeking relief from a "final judgment" (with emphasis added):

> "(b) Grounds for Relief **from a Final Judgment**, Order, or Proceeding. On motion and just terms, the court **may relieve a party** or its legal representative from a final judgment, order, or proceeding for the following reasons:..."

There obviously is no "Final Judgment" in this case yet.  Ross and Wagner speculate in their Reply for the first time that "final" might not apply to "order" or "proceeding," without providing any legal support.  But as the Tenth Circuit has already recently made perfectly clear, the word "final" qualifies all three terms: "In 1946, "final" was added to "emphasize the character of the judgments, orders or proceedings from which [it] affords relief." Fed. R. Civ. P. 60 advisory committee's note to 1946 amendment."  *Waetzig v. Halliburton Energy Servs*., 82 F.4th 918, 921-922 (10th Cir. 2023)("[A] final judgment, order, or proceeding' which may be the subject for relief under the provisions of Rule 60 means a judicial determination which has finality.").

---

[4] For simplicity's sake, the Rules will be referred to by their Federal numbers, rather than the Bankruptcy Rule numbers.

Accordingly, since there is no "Final Judgment, Order or Proceeding" for this Court to even review under Rule 60(b)(6), and since that is all Ross and Wagner have asked this Court to do, the Rule 60(b)(6) Motion to Amend must be struck as being a legal impossibility for the Court to even consider.

**II.     Consideration of the Motion to Amend would deny Mr. Short his due process rights as embodied in the Rules of Civil Procedure.**

The Motion to Amend is a premature and unauthorized attempt to have the Court rule in Ross and Wagner's favor on their First Counterclaim before complying with all of the relevant due process requirements embodied by the Rules of Civil Procedure.  As the Utah Supreme Court has articulately explained, the Rules of Civil Procedure are the embodiment of the concepts of due process, creating a predictable procedure that both the Courts and the parties may rely upon:

> The Utah Rules of Civil Procedure owe their existence to the constitutional guarantee of due process of law. They "[are] designed to provide a pattern of regularity of procedure which the parties and the courts [can] follow and rely upon." Gillett v. Price, 2006 UT 24, P 13, 135 P.3d 861 (brackets in original) (internal quotation marks omitted). Our rules of civil procedure lend operational expression to the abstract constitutional promise of due process.

*Brigham Young Univ. v. Tremco Consultants, Inc.*, 2007 UT 17, ¶29.

The due process protections that would be denied if the Court were to even consider the Motion to Amend as a back door attempt to give Ross and Wagner a favorable ruling on the First Counterclaim include the following:

a. the failure of Ross and Wagner to provide initial disclosures under Rule 26(a)(1);

b. the lack of a Rule 26(f) Conference of the Parties between Mr. Short and Ross/Wagner, or any Conference Report prepared and submitted to the Court, regarding Ross and Wagner's new First Counterclaim;

9

  c. the lack of a Rule 16 scheduling conference (with proper advance notice) to prepare a scheduling order for Ross and Wagner's new Counterclaim; and the lack of a proper scheduling order prepared and entered in compliance with Rule 16(b) which expressly requires the Court to address the times to add other parties, amend the pleadings, complete discovery, file motions, and so on (see also Local Rule 7016-1);

  d. the unconstitutional denial of all possible discovery provided by the Rules that Mr. Short is fully entitled to pursue now that Ross and Wagner have voluntarily appeared before this Court;[5]

  e. the failure to comply with Rule 26(a)(3), in particular, the fact pretrial disclosures have not been made 30 days in advance of trial, nor has there been an opportunity to object to the other party's proposed witnesses and/or exhibits, *etcetera*, as mandated by the Rule, nor have there been any advance rulings on such motions *in limine* so that the parties may properly and meaningfully prepare for trial.

It would do little good to belabor the point that all of the foregoing steps are designed to protect Mr. Short's due process rights by giving him what the Supreme Court itself has determined is the notice needed, and the opportunities required to prepare to meaningfully meet Ross and Wagner's First Counterclaim. But it is worth noting that when Mr. Short is eventually able to conduct his discovery on all of his Counterclaims now that Ross has appeared in the case, he will likely have evidence to rebut all of Ross and Wagner's claims, assuming they answer

---

[5] Local Rule 9070-1 makes it clear that an evidentiary hearing/trial can only be heard after discovery is complete:

 (2) Preparation for Trial. **After completion of discovery** and prior to the final pretrial conference, the attorneys for each party must: (A) prepare and serve on opposing attorneys a list that identifies and briefly describes all exhibits to be offered at trial; and (B) afford opposing attorneys opportunity to examine the exhibits. **The parties must list the exhibits in the final pretrial order.**

truthfully. As a result, if he is denied those mandatory procedural steps by the Court prematurely considering the First Counterclaim through the back door of the Motion to Amend, Mr. Short will be deprived of his due process rights as relate to the First Counterclaim.

Furthermore, if the Court proceeds to entertain and grant the Motion to Amend before Mr. Short is given the process he is due, then once he is allowed to conduct all of the discovery, etcetera, as allowed under the Rules, he will be back before this Court asking it to reconsider its premature ruling once it has the full story before it. It therefore makes more sense to require Ross and Wagner to proceed through the mandatory steps provided by the Rules first so that the Court will only have to deal with these issues once – especially since if the Court proceeds with the evidentiary hearing as scheduled, all of Ross and Wagner's so called evidence will have to be excluded because it was not disclosed in its mandatory initial disclosures. See Rule 37(c)(1).

### III.  The Court cannot bifurcate the trial to carve out the First Counterclaim for a separate trial (evidentiary hearing) at this time.

The Motion to Amend based on Ross and Wagner's First Counterclaim cannot be considered at this time because the Court would thereby be impermissibly bifurcating trial on Ross and Wagner's First Counterclaim (and First Cross Claim)[6] from the trial on the rest of the case without there being any Rule 42 motion to do so. And since there is no Rule 42 Motion to Bifurcate, the parties have not been heard on that question yet, in particular, Mr. Short has not been heard on whether bifurcation would be convenient, avoid prejudice, and/or expedite and economize the case, such that proceeding now would be a clear denial of due process. Furthermore, the Court has not made the mandatory findings on such questions.

Most importantly, the Court has not yet considered and decided on the record whether

---

[6] The fact the Court has called it an "evidentiary hearing": does not alter the fact that what the Court has prematurely scheduled is in fact a trial on the First Counterclaim.

11

such a bifurcation will preserve Mr. Short's right to a jury trial, which he has duly demanded in compliance with Rule 38. Which analysis is expressly required by Rule 42(b), before bifurcating the trial into two separate trials. Until the parties have adequate notice and an opportunity to be heard on that question, the Court cannot proceed to conduct a trial/evidentiary hearing on the First Counterclaim as Ross and Wagner are impermissibly asking it to do.

**IV.    The de facto bifurcation that would result from the Court even considering the unauthorized Motion to Amend at this time would improperly deny Mr. Short's his right to a jury trial.**

Mr. Short has duly demanded a jury trial in this case on all issues by making such demand in each of his Answers, in full compliance with Rule 38. Accordingly, under Rule 39, he is entitled to, and the court which will eventually hear this adversary proceedings must conduct a jury trial, given the present status of the case. Rule 39 is explicit:

> "(a) When a Demand Is Made. When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. **The trial on all issues so demanded must be by jury** unless:
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."

Accordingly, trial must be by jury, unless one of the two exceptions have already occurred. And they clearly have not occurred. There is no stipulation by Mr. Short that a jury trial is not required – indeed he has gone out of his way to indicate that he insists on a jury trial. So far, there has not been any proceedings whereby the Court has properly considered whether Mr. Short is entitled to a jury trial on the First Counterclaim or not. And until that happens, there must be a jury trial on the First Counterclaim – not a Motion to Amend heard by the Court.

**V.    This Court cannot hear the Motion to Amend because it has not been specially designated to conduct any jury trial on Ross and Wagner's First Counterclaim.**

Considering the Motion to Amend at this stage, especially conducting an evidentiary

12

hearing, i.e., a trial thereon, is constitutionally prohibited because this Court is not an Article III court. As pointed out above, since a jury trial has been duly demanded under Rule 38, Mr. Short at present is entitled to a jury trial under Rule 39 on all issues in this case including the new First Counterclaim (as well as arguably under the Utah and Federal Constitutions).[7]

28 U.S. Code § 157(b) sets forth the proceedings which are considered core proceedings for a bankruptcy court to hear automatically, but then it expressly provides in subsection (e) that if a jury trial is required for any proceeding automatically delegated to the bankruptcy court by Section 157(b), a bankruptcy court may only conduct the jury trial IF it has been specially designated by the District Court to do so. It does not appear that that has happened. At least there is no record of any such designation in the record that counsel has thus found.

In any event, even if this Court were to be specially designated by the District Court to conduct a jury trial on the First Counterclaim, it nevertheless may not conduct the jury trial which has been duly demanded, and is presently required, because Mr. Short has steadfastly refused to consent to this Court conducting any jury trial. See each of the Answers filed by Mr. Short. This is confirmed by Local Rule 9015-1 JURY TRIAL, which provides with emphasis added:

> (a) Demand. Where a jury trial is demanded in or by endorsement upon a pleading as permitted by the Federal Rules of Civil Procedure, the words "JURY DEMANDED" should be typed in capital letters on the first page immediately below the title of the pleading.
> (b) Applicable Rules. Fed. R. Civ. P. **38-39**, 47-51 and 81(c), insofar as they pertain to jury trials, and DUCivR 83-7.5 apply in cases and proceedings, except that a jury demand made under Fed. R. Civ. P. 38(b) must be filed in accordance with Fed. R. Bankr. P. 5005.

---

[7] Now obviously is not the time to dive into all of the issues regarding the right to jury trial. That will have to await another day if and when Ross and Wagner properly raise the issue. But it is helpful to note that Ross and Wagner's reliance on the *Langenkamp v. Culp* case, 489 U.S. 42, is fundamentally flawed, because the Langenkamp case only addresses the waiver of a jury trial for preferential transfer cases, and this is not such a case. Right now, it is sufficient to advise the Court that unless and until such debate is had down the road, in compliance with due process requirements, Rule 39 requires a jury trial of all claims in the case, including the First Counterclaim.

(c) Consent to Have Trial Conducted by Bankruptcy Judge. If the right to a jury trial applies, a timely demand has been filed under Fed. R. Civ. P. 38(b), and the bankruptcy judge **has been specially designated to conduct the jury trial**, the parties **may consent** to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) by jointly or separately filing a statement of consent no later than: (1) the time for filing the Report of Parties' Planning Meeting under Fed. R. Bankr. P. 7026 and Local Rule 7016-1(b); or (2) if a motion for withdrawal of reference is filed after the demand, within 7 days after service of the motion for withdrawal of reference. **Failure to file a consent constitutes an objection by opposing party to a jury trial in the bankruptcy court.**

Ross and Wagner mistakenly and frivolously argue in their Reply that because they did not consent to a jury trial, that a jury trial may never be had. See Page 7. They do not understand that the consent does not go to whether a jury trial will be had or not, but rather to who may conduct it: this Court or the District Court. And the lack of consent by Mr. Short determines that question regardless of whether Ross and Wagner consent or not, since all parties must consent.

Accordingly, before the First Counterclaim may be considered at all, the case must be transferred to the District Court so that it may conduct the jury trial thereon as duly demanded.

## CONCLUSION

For the foregoing reasons, it is requested that the Court strike the unauthorized and improper Rule 60(b)(6) Motion to Amend if Ross and Wagner do not voluntarily comply with their Rule 11 obligations to withdraw it now that the governing law has been placed squarely before them and their counsel. Mr. Short hereby preserves his ability to seek sanctions against Ross and Wagner, and Counsel, as may be appropriate, if Ross and Wagner do not promptly withdraw their frivolous Rule 60(b)(6) Motion to Amend before filing any response hereto.

DATED this 21st day of February, 2024.

_____
Michael B. Bennett

                                                        Counsel for Raymond W. Short